Oliver T. CARR, Jr., et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA et al.,
Defendants.

Civ. A. No. 2449–69.

United States District Court,
District of Columbia.

April 6, 1970.

William Joseph H. Smith, Washington, D. C., for plaintiffs.

Thomas C. Bell, Asst. Corp. Counsel for the District of Columbia, Washington, D. C., for defendants.

## MEMORANDUM

SIRICA, District Judge.

This is an action for a declaratory judgment interpreting the Street Adjustment Act of the District of Columbia, D.C.Code § 7–401 *et seq.* (1967). This Act provides for the closing of unnecessary streets and alleys in the District of Columbia. The Act grants the closing function to the District of Columbia Commissioners, and this function was transferred to the City Council in the 1967 reorganization of the District of Columbia government.

The procedures established by the Act for the closing of a street or alley are not complex and the relevant sections may be summarized as follows. D.C. Code § 7–401 grants the Commissioners the power to close any street or alley in the District of Columbia which in their judgment has become useless or unnecessary. It further provides that the title to the land which had been used as the public way shall

> revert to the owners of the abutting property subject to such compensation therefor in money, land, or structures as the commissioners of the District of Columbia, in their judgment, may find just and equitable, in view of all the circumstances of the case affecting near-by property of abutters and/or nonabutters.

Section 7–402 provides that a public hearing should be held on all applications for a closing, and that notice of this hearing should be published and also mailed to all owners of property abutting the public way to be closed. Objections to the closing may be presented at this hearing. Section 7–404 provides that if after the hearing the Commissioners are of the opinion that the request for a closing should be granted, they are to prepare an order of closing. There are provisions for the publication of this proposed order and for its service on the owners of all abutting property. The section further provides:

> That if no objection in writing be made to the commissioners by any party interested within thirty days after the service of such order, then the said order shall immediately become effective * * * *

The final relevant section is 7–405, which provides that if any objection is filed to the closing, the Commissioners may institute an in rem proceeding in the District Court for the closing, the ascertainment of damages, and the assessment of benefits resulting from the closing.

The factual background for the present action is not in controversy. The defendants are the District of Columbia, its Mayor-Commissioner, and the City Council. The plaintiffs hold legal title as trustees for a joint venture in five parcels of land in the vicinity of 20th and M Streets in Northwest Washington. The alley which is the subject of this action runs parallel to M Street. The plaintiffs own all of the property abutting the alley. Pursuant to the Street Adjustment Act, the plaintiffs filed an application on March 21, 1967, with the Surveyor of the District of Columbia for the closing of the alley. The Commissioners held a public hearing on the application on March 24, 1967. No objections to the closing were presented at the hearing, nor were there any objections filed within the allotted thirty day period in response to the publication of the order of closing. In fact no objection to the closing has ever been raised.

The closing order was published on April 18, 1967. The Commissioners did not approve the closing of the alley until September 7, 1967, and at that time made the order contingent on the payment to the District of Columbia by the plaintiffs of the fair market value of the alley property, which has been set at Sixty-nine Thousand Six Hundred Forty-three Dollars ($69,643.00). On November 2, 1967, the Commissioners ordered that the fair market value of the street or alley to be closed should be assessed to the abutting property owners as a condition to all further closings. The plaintiffs protested this assessment, but the government of the District of Columbia has continued to require as a condition to the closing of the alley the payment of the fair market value of the

property in the amount indicated above. It is also undisputed that from the enactment of the Street Adjustment Act in 1932 to the fall of 1967, the District of Columbia government made an assessment for the closing of a street or alley only in those cases in which it was determined that neighboring property might be adversely affected by the closing. This has been the consistent policy of the District of Columbia under the Act except for an eighteen month period in the 1940's.

This case came before this Court for hearing on the defendants' motion to dismiss and the plaintiffs' cross-motion for summary judgment. On their motion the defendants take the position that assessing the plaintiffs the fair market value of the alley property as a condition to the closing of the alley is within the discretion of the Commissioners as granted by D.C.Code § 7–401. The plaintiffs assert three principal arguments to support their request for a declaratory judgment invalidating the Commissioners' action here. The first is that the language of D.C.Code § 7–404 quoted above imposes on the Commissioners a mandatory administrative duty to issue the closing order if there are no objections to it within the alloted thirty day period after service. The plaintiffs' second argument is that §§ 7–401 & 405 limit the right of the District to assess damages against the abutting property owners to whom the alley property reverts to those closings which adversely affect neighboring property. Since there is no objection to the closing requested by the plaintiffs, they argue that the assessment of damages here is improper. Plaintiffs rely on the language in § 7–401 permitting the Commissioners to exact compensation that it considers "just and equitable, *in view of all of the circumstances of the case affecting near-by property of abutters and/or nonabutters,*" (emphasis added), and the fact that § 7–405 permits the District to bring an in rem action for damages only if an objection to the closing has been made. Plaintiffs also

argue that prior to 1967 the District has consistently interpreted the statute in this way and has exacted compensation only in those cases where there was the possibility of damage to neighboring property for which the District might subsequently be liable. The plaintiffs' final argument is that the District does not own a fee simple title in the alley property, and that therefore it is improper for the Commissioners to insist that the fair market value of the property be paid as a condition to the closing.

In their opposition to the motion for summary judgment, the defendants claim that the language of § 7–404 relied on by the plaintiffs to impose a mandatory duty on the Commissioners to issue the closing order thirty days after service is not binding on the District in this case since the proposed order of April 18, 1967 specifically provided that the closing would not become final until a further order would issue. The defendants also argue that the language of § 7–401 relied on by the plaintiffs should be interpreted more broadly than urged by the plaintiffs. They argue that, in exacting the compensation that they deem appropriate from the owners to whom the alley property is reverting, the Commissioners are entitled to take into consideration "all of the circumstances of the case affecting near-by property." It is therefore urged that the Commissioners, in the exercise of their discretion under § 7–401, may take into account the fact that the return of the title in the alley property to the owners of the abutting property enhances the value of their property, and may assess the owners accordingly. Although the defendants are willing to concede for the purpose of this case that the District of Columbia does not own a fee simple title to the alley property, they argue that this does not prevent them from exacting compensation in the amount of the fair market value of the property when a public way is closed pursuant to § 7–401.

Because of the previous policy of the District of Columbia of exacting compensation for the closing of a public way only in instances where neighboring property was damaged, this is a case of first impression. This Court has carefully considered the arguments presented by counsel for all parties, and it is the opinion of this Court that the interpretation suggested by the plaintiffs is the most reasonable and logical construction of the statute. When all of the relevant sections of the statute are read together it appears that the intention of Congress in enacting the statute was that compensation should be exacted from the property owners to whom the public space was reverting only where there is a possibility that other neighboring property would be adversely affected by the closing. In such cases compensation is necessary to protect the District from future liability to these owners. The crucial statutory provision is the language of § 7–401 that the compensation was to be determined by the Commissioners "in view of all of the circumstances of the case *affecting near-by property of abutters and/or nonabutters.*" (emphasis added). This must be read together with the provision in § 7–404 that the closing order is effective automatically thirty days after service if no objections to the closing were raised, and the provision in § 7–405 which allows the District to bring an in rem action for damages only where an objection has been raised. The Court agrees with the plaintiffs that these provisions of the statute prohibit the action taken by the Commissioners in this case.

The fact that the District itself has consistently interpreted the statute as suggested by the plaintiffs since 1932 adds support to the plaintiffs' argument even if the District has never explicitly declared that it did not think it had the power to act as it has in this case. The legislative history of the Act is inconclusive on the question now before this Court. It does not appear that the idea of assessing abutting property owners the fair market value of the public space reverting to them was considered by Congress. The principal economic pur-

**286**

pose of the Act was the savings that would be entailed in maintenance costs by virtue of the closings as well as the elimination of barriers to real estate development in the District.

In view of the decision of the Court it is unnecessary to rule on the contentions of the plaintiffs that the issuance of the final closing order is a mandatory administrative duty and that the District did not own a fee simple title in the alley property.